UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| MICHAEL FENTON, | ) | No. C08-3536 JL (BZ) |
| | ) | |
| Plaintiff(s), | ) | **ORDER SCHEDULING** |
| | ) | **SETTLEMENT CONFERENCE** |
| v. | ) | |
| ALAMEDA COUNTY, | ) | |
| | ) | |
| Defendant(s). | ) | |

The above matter was referred to Magistrate Judge Bernard Zimmerman for settlement purposes.

You are hereby notified that a settlement conference is scheduled for **September 25, 2009, at 9:00 a.m.**, in Courtroom G, 15th Floor, Federal Building, 450 Golden Gate Avenue, San Francisco, California 94102.

It is the responsibility of counsel to ensure that whatever discovery is needed for all sides to evaluate the case for settlement purposes is completed by the date of the settlement conference. Counsel shall cooperate in providing discovery

1

informally and expeditiously.

Lead trial counsel shall appear at the Settlement Conference with the parties.  Any party who is not a natural person shall be represented by the person or persons **not directly involved** in the events which gave rise to the litigation but with **full** authority to negotiate a settlement.  A person who needs to call another person not present before accepting, rejecting or making any settlement offer does not have full authority.  If a party is a governmental entity, its governing body shall designate one of its members or a senior executive to appear at the Settlement Conference with authority to participate in the Settlement Conference and, if a tentative settlement agreement is reached, to recommend the agreement to the governmental entity for its approval.  An insured party shall appear with a representative of the carrier with full authority to negotiate up to the limits of coverage.  The Court shall be notified immediately if the carrier declines to attend. Personal attendance of a party representative will rarely be excused by the Court, and then only upon separate written application demonstrating substantial hardship served on opposing counsel and lodged as early as the basis for the hardship is known.

Each party shall prepare a Settlement Conference Statement, which must be served on opposing counsel and lodged (not faxed) with my chambers no later than seven calendar days prior to the conference.  The Statement shall **not** be filed with the Clerk of the Court.  The Statement **may** be submitted on CD-ROM with hypertext links to exhibits.  Otherwise, the portion of exhibits

on which the party relies **shall** be highlighted.   The Settlement
Conference Statement shall not exceed ten pages of text and
twenty pages of exhibits and shall include the following:

     1.   A brief statement of the facts of the case.

     2.   A brief statement of the claims and defenses
including, but not limited to, statutory or other grounds upon
which the claims are founded.

     3.   A summary of the proceedings to date and any pending
motions.

     4.   An estimate of the cost and time to be expended for
further discovery, pretrial and trial.

     5.   For any party seeking relief, a description of the
relief sought, including an itemization of damages.

     6.   The parties' position on settlement, including present
demands and offers and a history of past settlement discussions.
The Court's time can best be used to assist the parties in
completing their negotiations, not in starting them.
Accordingly, plaintiff must serve a demand in writing no later
than fourteen days before the conference and defendant must
respond in writing no later than eight days before the
conference.   If plaintiff seeks attorney's fees and costs,
plaintiff's counsel shall either include the fee claim in the
demand or make a separate, simultaneous demand for fees and
costs.   Counsel shall be prepared at the conference to provide
sufficient information to defendant to enable the fee claim to
be evaluated for purposes of settlement.   The parties are urged
to carefully evaluate their case before taking a settlement
position since extreme positions hinder the settlement process.

1       Along with the Statement each party shall lodge with the

2   court a document of no more than three pages containing a **candid**

3   evaluation of the parties' likelihood of prevailing on the

4   claims and defenses, and any other information that party wishes

5   not to share with opposing counsel.  The more candid the parties

6   are, the more productive the conference will be.  This document

7   shall not be served on opposing counsel.

8       It is not unusual for conferences to last three or more

9   hours.  Parties are encouraged to participate and frankly

10  discuss their case.  Statements they make during the conference

11  will not be admissible at trial in the event the case does not

12  settle.  The parties should be prepared to discuss such issues

13  as:

14      1. Their settlement objectives.

15      2. Any impediments to settlement they perceive.

16      3. Whether they have enough information to discuss

17  settlement.  If not, what additional information is needed.

18      4. The possibility of a creative resolution of the dispute.

19      The parties shall notify Magistrate Judge Zimmerman's

20  chambers immediately if this case settles prior to the date set

21  for settlement conference.  Counsel shall provide a copy of this

22  order to each party who will participate in the conference.

23  Dated: July 6, 2009

24

25                            Bernard Zimmerman
                                United States Magistrate Judge

26

27

28